# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES TUCKER,

    Appellant,

     v.

DEPARTMENT OF THE AIR FORCE,

    Agency.

DOCKET NUMBER
DE-4324-22-0298-I-1

DATE: June 21, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

James Tucker, Omaha, Nebraska, pro se.

Matthew John Mackey and Rachel Palacios, Joint Base Andrews,
 Maryland, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## ORDER DENYING MR. DOWLING'S MOTION TO INTERVENE

Jonathan Dowling, a Commander in the Judge Advocate General's Corps, Department of the Navy, has moved to intervene in the above-captioned appeal for the purpose of filing a petition for review of the initial decision issued on April 13, 2023, which denied the appellant's request for corrective action under

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA).  For the reasons set forth below, Mr. Dowling's motion to intervene is DENIED.

## BACKGROUND

¶2    The appellant filed a Board appeal, alleging that the agency violated USERRA when it failed to select him for an Attorney-Advisor position.  Initial Appeal File (IAF), Tab 1.  Mr. Dowling, who was the hiring panel chair for the vacancy announcement at issue, testified at the appellant's Board hearing as the appellant's witness, claiming, among other things, that another panelist, the Senior Civilian Advisor, had made statements indicating that he had a strong preference for hiring civilians over members of the military reserves.  Hearing Recording (testimony of Dowling).

¶3    After considering both the written record and the hearing testimony, the administrative judge issued an initial decision finding that the appellant failed to establish his USERRA claim.  IAF, Tab 30, Initial Decision (ID).  First, the administrative judge explained that the only evidence suggesting that the appellant's uniformed service was a substantial or motivating factor in his nonselection was Mr. Dowling's testimony.  ID at 11-12.  The administrative judge credited the testimony of the Senior Civilian Advisor, noting that there was evidence Mr. Dowling may have been biased because he had a personal friendship with the appellant and a negative relationship with the Senior Civilian Advisor.  ID at 11.  Thus, the administrative judge concluded that there was simply "no credible direct evidence of uniformed service discrimination."  *Id.*  The administrative judge also found that, even if the appellant's uniformed service was a substantial or motivating factor in the Senior Civilian Advisor's rankings, the agency established that it still would have selected the same individual, given that the selectee was the top-ranked candidate and was even strongly endorsed by Mr. Dowling.  ID at 12.

¶4    Mr. Dowling now seeks to intervene in this matter for purposes of filing a petition for review, asserting that the administrative judge's findings have caused him harm.[2]  Motion to Intervene at 4.  Among other things, Mr. Dowling argues that the initial decision undermined his credibility and judgment, which would hinder his ability to obtain relief in complaints he filed against his employing agency, and that his career had been negatively impacted because of the Board proceeding.[3]  *Id.*

## ANALYSIS

¶5    Pursuant to the Board's regulations, any person, organization, or agency, by motion made in a petition for review, may ask for permission to intervene.  5 C.F.R. § 1201.114(i)(3).  Here, Mr. Dowling has not yet filed a petition for review, instead merely asking that the Board grant his request to file a petition for review in the future.  Motion to Intervene at 2-4, 17, 25.  Accordingly, he has not filed "a motion made in a petition for review," as required by 5 C.F.R. § 1201.114(i)(3).

¶6    Nevertheless, even if we were to liberally construe Mr. Dowling's filing as a petition for review, he has not met the regulatory standard for granting a request to intervene.  The Board's regulations provide that a motion for permission to

---

[2] The agency filed an opposition to Mr. Dowling's motion to intervene on June 12, 2023.  Agency Response to Motion to Intervene.  Pursuant to 5 C.F.R. § 1201.55(b), any objection to a written motion must be filed within 10 days from the date of service of the motion.  The certificate of service states that the motion to intervene was served by email on the agency on May, 18, 2023, and thus, accounting for a Sunday and Federal holiday, the agency's deadline to file its objection was May 30, 2023.  Motion to Intervene at 26; 5 C.F.R. § 1201.23.  Accordingly, the agency's response to the motion to intervene was untimely filed, and we shall not consider it.

[3] Mr. Dowling also attached two exhibits to his motion to intervene, seemingly addressing the substance of his challenges to the initial decision, including an email memorializing a statement the Senior Civilian Advisor allegedly made regarding his reluctance to hire reservists and a copy of Mr. Dowling's Freedom of Information Act request.  Because Mr. Dowling has failed to establish the relevancy of these documents to his motion to intervene, we do not address them further.

intervene will be granted if the requester shows that he will be affected directly by the outcome of the proceeding. 5 C.F.R. § 1201.114(i)(3)  Given that the initial decision has been issued, we are able to determine that the outcome had no direct effect on Mr. Dowling.  Mr. Dowling was not named as a responsible official in this appeal, and there is no adverse finding impacting Mr. Dowling. While Mr. Dowling asserts that the administrative judge's findings may hinder his ability to obtain relief in future proceedings, such statements are mere speculation and do not warrant intervention.[4]  Motion to Intervene at 4; *see Stevens v. Department of Housing and Urban Development*, 36 M.S.P.R. 170, 173 (1988) (finding that intervention was not warranted when there was no evidence beyond mere speculation that the initial decision would have any impact on the movant's future).[5]

¶7      In conclusion, Mr. Dowling is merely a witness who is disappointed with the outcome of this appeal.  While the administrative judge's findings may be bothersome to him, there is no basis for granting intervention.

---

[4] Mr. Dowling alleges that the agency retaliated against him as a result of his internal reports and his testimony regarding the agency's alleged violations of USERRA, which is the subject of a complaint filed with the Commander of the U.S. Strategic Command and a complaint filed with the Department of Defense Office of Inspector General. Motion to Intervene at 4.

[5] Although *Stevens*, 36 M.S.P.R. at 172-73, interpreted 5 C.F.R. § 1201.34, the regulation governing intervention before an administrative judge, the language of 5 C.F.R. § 1201.114(i)(3) and 5 C.F.R. § 1201.34 are similar, including that both require that the movant show that he will be affected directly by the outcome of the proceeding.  Therefore, we find the reasoning in *Stevens* to be persuasive here.

**ORDER**

¶8   The motion to intervene is denied.  The initial decision issued on April 13, 2023, became the final decision of the Board on May 18, 2023.  5 C.F.R. § 1201.113(c).  The notice of appeal rights contained within the final decision governs further review rights, including any applicable time frames for exercising those rights.


FOR THE BOARD:                              /s/ for
                                         _____
                                         Jennifer Everling
                                         Acting Clerk of the Board
Washington, D.C.